**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Christopher Cardani
Assistant U.S. Attorney
Christopher.Cardani@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 10, 2020

Tara Herivel
Law Office of Tara Herivel
811 SW Naito Parkway Suite 420
Portland, OR 97204

> Re:    *United States v. Andrew Steven Faulkner,* Case No. 3:20-cr-00203-JO
>         Plea Agreement Letter

*Sent via email*

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office ("USAO") and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This Agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charge**:  Defendant agrees to plead guilty to Count 1 of the Information, which charges the offense of Assault on a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1), a class A misdemeanor.

3.    **Penalties**:  The maximum sentence is 1 year imprisonment, a fine of $100,000, a term of supervised release not to exceed 1 year, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of sentencing or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Tara Herivel
Re: Andrew Steven Faulkner Plea Agreement Letter
Page 2

5.    **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Adult Victim 1 (AV1), who at the time was a federal law enforcement officer;

Second, the defendant did so while AV1 was engaged in, or on account of, his official duties.

Defendant admits the elements of the offense alleged in Count One of the Information, and that the government's investigation can establish the following facts beyond a reasonable doubt:

On July 4-5, 2020, defendant was present outside the Mark O. Hatfield Courthouse in Portland, Oregon.  During that time period, federal law enforcement officers were responding to ongoing and multiple acts of vandalism and related criminal activity involving the courthouse and law enforcement.  One of the responding law enforcement officers was AV1, who was a uniformed Federal Protective Services Officer.  At approximately 3:00 a.m. on July 5, 2020, defendant shined a high-powered green laser, which struck the arm and eyes of AV1.  When AV1 and other officers approached defendant, he ran away but was chased down and arrested.

During a search incident to the arrest, officers recovered the laser device in a tactical vest worn by defendant.  The device was marked as an SDLaser 303 and the label contained a danger warning that the device emitted radiation and to avoid direct eye exposure.  An FBI expert report states that the device used by defendant is a Class IIIb laser product capable of causing serious eye damage to the retina with exposure times as little as 10 milliseconds.  AV1 was able to avoid serious eye damage by taking evasive actions, limiting exposure to his eyes.  AV1 suffered no injuries.

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range under the United States Sentencing Guidelines (USSG), and then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct/Variance**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2A2.4 is a Base Offense Level of 10, prior to adjustments.  The parties further agree that, pursuant to USSG § 2A2.4(b)(1), a 3 level enhancement applies for making physical contact with the victim. If defendant does not file any pretrial motions and agrees to plead guilty in an expeditious manner, the USAO will recommend a 1 level variance pursuant to the conditions of 18 U.S.C. § 3553. The parties agree not to seek any upward or downward departures, adjustments or variances to the advisory sentencing guideline range except as specified in this agreement.

Tara Herivel
Re: Andrew Steven Faulkner Plea Agreement Letter
Page 3

8.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.      **Sentencing Recommendation**:  The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.  The parties will jointly recommend that defendant receive a three year term of probation and that the terms of probation should include a period of 6 months of home detention and 40 hours of community service.

10.     **Abandonment of Instrumentality**:  By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the laser device seized by investigators.

11.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Tara Herivel
Re: Andrew Steven Faulkner Plea Agreement Letter
Page 4

14.   **Breach of Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

         If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.   **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant agrees to the terms of this deferred sentencing agreement, please sign and attach the original of this letter to the Petition to Enter Plea.

16.   **Deadline**:  This plea offer expires if not accepted within one week of the date of this letter.  If accepted, please sign in the spaces below and return by email to me.  We can then schedule a change of plea date with the court.

                                        Sincerely,

                                        BILLY J. WILLIAMS
                                        United States Attorney

                                        *Christopher Cardani*

                                        CHRISTOPHER L. CARDANI
                                        Assistant United States Attorney


         I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

| 12/21/20 | *s/ Andrew Steven Faulkner* |
|---|---|
| Date | Andrew Steven Faulkner, Defendant<br>per attorney Tara Herivel with permission |

         I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

| 12/21/20 | *s/ Tara Herivel* |
|---|---|
| Date | Tara Herivel, Attorney for Defendant |